**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK ISHIMATSU** | : | |
| 613 Taper Drive | : | |
| Seal Beach, CA 90740 | : | |
| | : | |
| **Plaintiff** | : | **NO.:** |
| **v.** | : | |
| | : | |
| **SHANNON KEIFRIDER ACEVEDO** | : | |
| 1027 Spring Street | : | |
| Reading, PA 19604 | : | |
| | : | |
| **Defendant** | : | |

**CIVIL ACTION – COMPLAINT**

Plaintiff, Mark Ishimatsu, by and through his undersigned counsel, herein files this Complaint against Defendant Shannon Keifrider Acevedo, and in support thereof, avers as follows:

**PARTIES**

1.    Plaintiff Mark Ishimatsu is an adult individual who resides at 613 Taper Drive, Seal Beach, California 90740.

2.    Defendant Shannon Keifrider Acevedo, upon information and belief, is an adult individual who resides at 1027 Spring Street, Reading, Pennsylvania 19604.

**JURISDICTION**

3.    Complete diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 et. seq. in that Plaintiff and Defendant are citizens and residents of different states.

4.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1332(a)(1) because: (1) there is complete diversity of citizenship between Plaintiff Mark Ishimatsu, who is a citizen and resident of California for the purposes of diversity jurisdiction

28 U.S.C. § 1332, and Defendant Shannon Keifrider Acevedo is a citizen and resident of Pennsylvania, and more specifically resides in Berks County, and (2) the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

5.      Venue is proper because the facts leading to the transaction, including the misappropriation of the $200,000.00 into Defendant's Wells Fargo account, jointly held with her husband, Juan L. Acevedo, occurred in Reading, Pennsylvania, and Plaintiff Mark Ishimatsu is willing and able to avail himself to this jurisdiction for the purposes of this lawsuit.

### FACTS

6.      On or about January 1, 2017, Plaintiff opened an investment account with LPL Financial LLC and deposited money for investment at its office located at 7777 Center Avenue, Huntington Beach, California 92647.

7.      LPL Financial LLC assumed a fiduciary duty to care for the funds that Plaintiff deposited initially and continued to deposit from time to time.

8.      On June 4, 2024, Plaintiff requested that LPL Financial LLC withdraw $200,000.00 US Dollars from his account and transfer via Automated Clearinghouse ("ACH") to Fidelity Financial Services LLC, (also known as "Fidelity Investments"), Account Holder, Haley Glor, using forms prepared by LPL Financial LLC.

9.      LPL Financial did not ask for or confirm the name of the holder of the receiving account at Fidelity Financial Services LLC prior to executing the ACH transfer from Plaintiff Mark Ishimatsu's account.

10.     The intended recipient, Haley Glor, did not receive the funds into her account at Fidelity Investments.

11.     On June 10, 2024, Plaintiff instructed LPL Financial LLC to reverse the ACH transaction of June 4, 2024, since the funds were not received by Haley Glor.

12.     On June 12, 2024, LPL Financial LLC informed Plaintiff that the routing number Plaintiff designated at Fidelity Investments was correct, however, the receiving account number was not correctly filled out to send the funds to Haley Glor.  Specifically, the account number provided by Plaintiff was missing a number.

13.     On July 17, 2024, after attempts to recall the funds failed, LPL Financial LLC's employees or agents recommended to Plaintiff that he file a fraud report with Fidelity Investments to release their customer information for the receiving account that erroneously received the $200,000.00 US Dollars sent to Fidelity Investments.

14.     On July 18, 2024, when Plaintiff demanded return of the $200,000.00 US Dollars to his account, Fidelity Investments informed Plaintiff that the funds were no longer in the receiving account and that the account holder had withdrawn the funds.

15.     By way of a subpoena to Fidelity Investments on August 21, 2024, Plaintiff discovered that the owner/holder of the receiving account at Fidelity Investments is Juan L. Acevedo, a resident of Berks County, Pennsylvania.

16.     Juan L. Acevedo is the husband of Defendant Shannon Keifrider Acevedo.

17.     Plaintiff never intended to transfer money into the Fidelity Investment Account held by Juan L. Acevedo.

18.     On or after June 4, 2024, Juan L. Acevedo withdrew the $200,000.00 US Dollars that were erroneously deposited into his Fidelity Investments Account and transferred the money into an account jointly held with his wife, Defendant Shannon Keifrider Acevedo (hereinafter "Defendant Acevedo"), at Wells Fargo.

3

19.     Upon information and belief, Defendant Acevedo knowingly agreed to and participated in the transfer of the funds from her husband's Fidelity Investment Account into the jointly held Wells Fargo account.

20.     Upon information and belief, at the time of the transfer Defendant Acevedo knew, or reasonably should have known, that the funds that were transferred into the Wells Fargo account did not rightfully belong to her or her husband and had been received in error.

21.     Since that withdrawal, Defendant Acevedo and her husband have continued to make the funds unavailable to Plaintiff, Fidelity Investments, or LPL Financial LLC to reverse the ACH transfer from June 4, 2024.

22.     Upon information and belief, after the funds were transferred into the jointly held account, Defendant Acevedo permitted the funds to be used for personal purchases, expenses, and other expenditures for the benefit of herself and her husband.

23.     Upon information and belief, Defendant Acevedo knowingly accepted and retained the benefit of the wrongfully obtained funds and participated in the concealment, retention, and expenditure of those funds.

24.     On October 16, 2024, Plaintiff filed a lawsuit against Defendant's husband, Juan L. Acevedo (hereinafter referred to as "husband") for conversion, fraud, and unjust enrichment in the United States District Court for the Eastern District of Pennsylvania at Docket No. 5:24-cv-5500. *See* Complaint attached hereto as Exhibit "A".

25.     On January 31, 2025, a default judgment in the amount of $200,405.00 was entered against Defendant's husband, Juan L. Acevedo. *See* Default Judgment attached hereto as Exhibit "B".

26. The Complaint alleged that Defendant Acevedo knew or should have known that the $200,000.00 deposited into their jointly held Wells Fargo account was placed in error on June 4, 2024 and that he knew or should have known that the money was not intended to be transferred to him.

27. Criminal charges are also pending against Juan Acevedo for theft of property lost, mislaid, or delivered by mistake (18 § 3924) and receiving stolen property (18 § 3925 §§ A). *See* Berks County Common Pleas Docket No. CP-06-CR-0000236-2026.

## COUNT I
## CONVERSION

28. Plaintiff hereby incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. The funds transferred to Defendant Acevedo's husband by Plaintiff were transferred in error.

30. Rather than return the funds, Defendant Acevedo and her husband transferred the money into another bank account and used the funds for personal expenditures.

31. Defendant Acevedo knew or should have known that the funds deposited into the Fidelity Investment Account by Plaintiff did not belong to her or her husband.

32. Defendant Acevedo has and continues to illegally retain $200,000.00 US Dollars of Plaintiff's money without any legal or factual justification.

33. Defendant Acevedo has substantially interfered with Plaintiff's property by the following acts:

    a. Knowingly or intentionally taking possession of the $200,000.00 US Dollars;

    b. Preventing Plaintiff from having access to the $200,000.00 US Dollars;

    c. Refusing to return the $200,000.00 US Dollars; and

5

d. Using all or some of the $200,000.00 US Dollars for personal purchases and expenditures for Defendant's own benefit.

34. Plaintiff did not consent to Defendant Acevedo's possession or use of the $200,000.00 US Dollars.

35. Defendant Acevedo thereby exercised unauthorized dominion and control over the funds.

36. As a result of Defendant Acevedo's actions, Plaintiff Mark Ishimatsu was harmed and will continue to be harmed until the return of the entire $200,000.00 is completed.

37. Retention of these benefits by Defendant is unjust, inequitable, and deprives Plaintiff of access to his personal property that was mistakenly put into Juan L. Acevedo's account by Fidelity Investments, LPL Financial, and ACH, and thereafter intentionally transferred into Defendant's joint account at Wells Fargo.

38. As a result of Defendant Acevedo's intentional transfer and retention of the funds in the joint Wells Fargo account and use of said funds for personal benefit, Plaintiff has suffered damages in an amount to be proven at trial and seeks equitable relief in the form of Restitution and Affirmative Injunctive Relief to order the return of his personal property.

39. Plaintiff is entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendant.

## COUNT II
## FRAUD

40. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41. Defendant Acevedo knowingly and intentionally retained funds that she knew were transmitted into the Fidelity Investment Account in error and did not belong to her or her husband.

42. Defendant Acevedo further prevented Plaintiff from correcting said error by knowingly and intentionally placing said funds into her jointly held bank account at Wells Fargo to insulate the erroneous transaction from being reversed and the funds being returned to Plaintiff by Fidelity.

43. Defendant Acevedo knowingly concealed and misrepresented Defendant's entitlement to the funds by retaining and using the $200,000.00 as though it rightfully belonged to her and her husband.

44. Defendant Acevedo further engaged in fraudulent conduct by using the funds for personal purchases and expenditure despite knowing that she and her husband had no lawful claim or ownership interest in the money.

45. At all relevant times, Defendant Acevedo acted knowingly, intentionally, and with reckless disregard for Plaintiff's rights and the truth.

46. Defendant Acevedo's conduct was undertaken with the intent to deprive Plaintiff of the ability to retrieve the funds.

47. Defendant Acevedo's concealment and failure to return the funds to their rightful owner has delayed and hindered Plaintiff's ability to recover the erroneously transferred funds.

48. It is unknown where the money is currently being held by Defendant Acevedo, and whether the money has been transferred to others based on Defendant Acevedo's misrepresentations of ownership over the same.

49.    Further, Defendant Acevedo has continued to prevent Plaintiff from recovering the money even after attempts to recover the same were initiated by Fidelity Investments and LPL Financial LLC.

50.    As a result, Plaintiff has sustained damages in the amount of $200,000.00 and will continue to sustain additional damages and accrue costs that would otherwise not exist but for the fraudulent behavior and misrepresentations of Defendant Acevedo.

51.    Furthermore, Plaintiff is entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendant.

**COUNT III**
**UNJUST ENRICHMENT**

52.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.    The funds transferred to Defendant Acevedo's husband by Plaintiff were transferred in error.

54.    Rather than return the funds, Defendant Acevedo and her husband transferred the money into another bank account and, upon information and belief, used the funds for personal expenditure.

55.    Defendant Acevedo appreciated and accepted the benefit conferred by the mistakenly transferred funds.

56.    Defendant Acevedo knew or should have known that the funds deposited into the Fidelity Investment Account by Plaintiff did not belong to her or her husband.

57.     Defendant Acevedo knew or should have known that the funds transferred from her husband's Fidelity Investment Account and into the joint Wells Fargo Account did not belong to her or her husband.

58.     Despite knowing this, Defendant Acevedo has refused multiple requests to return the funds made by Plaintiff through Fidelity and LPL Financial Services LLC.

59.     Under these circumstances it would be entirely unjust and inequitable for Defendant Acevedo to retain the benefit of the funds without repayment to Plaintiff.

60.     As a direct and proximate result of Defendant Acevedo's unjust retention of funds, Plaintiff has not only suffered the loss of the $200,000.00 but will continue to sustain additional damages the longer she is in possession of Plaintiff's property.

61.     As such, Plaintiff is entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendant.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Shannon Keifrider Acevedo, for all available damages under the law, including attorneys' fees, punitive damages, actual damages, and such other relief that this Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiff Mark Ishimatsu hereby demands a trial by jury on all issues.

Respectfully Submitted,

By:     */s/ Inder D. Paul*
Inder D. Paul, Esquire
Jennifer L. Bruce, Esquire

9

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
Inder.paul@wglaw.com

Date: May 15, 2026